## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LODGE NO. 5 OF THE FRATERNAL
ORDER OF POLICE
By JOHN MCNESBY, Trustee ad Litem
*and*
COPPAC
By Michael Lutz, Trustee ad Litem
*and*
DAVID BYRNE, SHAWN CAREY,
JEFFREY SEAMON and LES BAKER
    Plaintiffs

    v.

CITY OF PHILADELPHIA
*and*
MICHAEL A. NUTTER,
MAYOR OF THE CITY OF
PHILADELPHIA
*and*
BOARD OF ETHICS OF THE CITY OF
PHILADELPHIA
*and*
J. SHANE CREAMER, EXECUTIVE
DIRECTOR OF THE CITY OF
PHILADELPHIA BOARD OF ETHICS
*and*
WILLIAM H. BROWN, RICHARD
GLAZER, SANJUANITA GONZALEZ,
PHYLLIS BECK and MICHAEL H. REED
MEMBERS OF THE CITY OF
PHILADELPHIA BOARD OF ETHICS
    Defendants

Civil Action No.

JURY TRIAL DEMANDED

Electronically Filed
Document

1

## COMPLAINT

Plaintiffs, by and through their legal counsel, hereby file the following Complaint:

### JURISDICTION

1. This Court has jurisdiction over the subject matter of this case under 26 U.S.C. §1331, the Civil Rights Act of 1871, 42 U.S.C. §§ 1983, 1985, 1986 and 1988, and over any state claims by reason of 28 U.S.C. §1367(a).

### VENUE

2. Venue lies in the United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. §1391(b).

3. Venue in this District is proper under 28 U.S.C. §1391(b) because all defendants reside in the City and County of Philadelphia and all of the actions and notations complained of occurred within the City and County of Philadelphia and, therefore, within this District.

### PARTIES

4. Plaintiff LODGE NO. 5 OF THE FRATERNAL ORDER OF POLICE ("FOP") is a non-profit corporation organized under the laws of the Commonwealth of Pennsylvania. The FOP represents for purposes of collective bargaining approximately 6,600 active police officers who are employed by the Defendant City of Philadelphia.  Its principal place of business is located at 1336 Spring Garden Street, Philadelphia, PA  19123.

2

5. Plaintiff JOHN MCNESBY ("McNesby") is an individual citizen of the City and County of Philadelphia, a Philadelphia Police Officer, and the President of the FOP. McNesby maintains his business address at 1336 Spring Garden Street, Philadelphia, PA 19123. McNesby serves as Trustee ad Litem for plaintiff FOP.

6. Plaintiff COPPAC is a political action committee organized, registered and operated under the laws of the Commonwealth of Pennsylvania. COPPAC is sponsored and maintained by the FOP for the purpose of soliciting and distributing political contributions to candidates for local and state office within the Commonwealth of Pennsylvania. COPPAC is represented in this litigation by plaintiff Michael Lutz as Trustee ad Litem. COPPAC and Lutz maintain their business address at 1336 Spring Garden Street, Philadelphia, PA 19123.

7. Plaintiffs DAVID BYRNE, SHAWN CAREY, JEFFREY SEAMON and LES BAKER are individual citizens of the City and County of Philadelphia who are, and at all times relevant to these proceedings have been, employed as Philadelphia Police Officers and represented by the FOP,

8. Defendant CITY OF PHILADELPHIA ("City") is a municipal corporation that is a City of the First Class. The City is governed by the laws of the Commonwealth of Pennsylvania and the City of Philadelphia Home Rule Charter that was adopted under the authority of the Act of the General Assembly of the Commonwealth of Pennsylvania, approved April 21, 1949, P.L. 665.

3

9.  Defendant MICHAEL A. NUTTER ("Mayor") is an individual and at all times material to this action is and was the Mayor and Chief Executive of the City. Defendant Nutter is responsible for the conduct of the City's executive and administrative functions. The Mayor maintains his office at City Hall, Philadelphia, PA 19107. Defendant Nutter is sued in both his official capacity as Mayor of the City of Philaldpehia and in his individual personal capacity.

10. Defendant J. SHANE CREAMER ("Creamer") is an individual and at all times material to this action was the Executive Director of the Ethics Board of the City of Philadelphia. Defendant Creamer is sued in his official capacity as Executive Director of the Ethics Board of the City of Philadelphia, and, as such, responsible for the conduct of its daily executive and administrative functions of the Ethics Board of the City of Philadelphia. Defendant Creamer maintains his office at the Packard Building, 1441 Sansom Street 2nd Floor, Philadelphia, PA. Defendant Creamer is sued in both his official capacity as Executive Director of the Ethics Board of the City of Philaldpehia and in his individual personal capacity.

11. Defendant CITY OF PHILADELPHIA BOARD OF ETHICS ("Ethics Board") is an independent agency of the City of Philadelphia. Defendants WILLIAM H. BROWN, RICHARD GLAZER, SANJUANITA GONZALEZ, PHYLLIS BECK and MICHAEL H. REED ("Ethics Board Members") are and have been at all times relevant to this action the members of the Ethics Board of the City of Philadelphia and, as such, are responsible for the formulation, promulgation and enforcement of the polices at issue in this

4

litigation.. Defendant Ethics Board Members maintain their office at the Packard Building, 1441 Sansom Street 2nd Floor, Philadelphia, PA. Defendants Ethics Board Members are sued in their official capacities as the membership of the defendant Ethics Board for purposes of injunctive relief.

## FACTS UNDERLYING CAUSES OF ACTION

12. The City of Philadelphia employs approximately twenty seven thousand (27,000) employees to provide public services to the City's population. The vast majority of those twenty seven thousand employees are represented for purposes of collective bargaining by one of four unions – the FOP, Fire Fighters Local Union No. 22, District Council 33 of the American Federation of State, County and Municipal Employees and District Council 47 of the American Federation of State, County and Municipal Employees.

13. The Philadelphia Police Department employs approximately eight thousand four hundred (8,400) employees. Approximately 6,600 of those employees are employed as sworn police officers, who are represented for purposes of collective bargaining and all other purposes related to their employment by the FOP. The balance of the City's Police Department employees serve in civilian capacities, and are represented by either AFSCME District Council 33 and AFSCME District Council 47 or are unrepresented.

14. The work performed by the sworn police officers of the Philadelphia Police Department is extremely difficult and dangerous. Virtually every aspect of their law enforcement profession is controlled or affected, in greater or lesser degree, by laws, policies and

procedures that are enacted, promulgated and/or administered by elected officials who hold office on the local and state level. Additionally, virtually every police officer is also a citizen of the City of Philadelphia, as such, and possesses the same real and immediate interests in the affairs, activities and policy decisions of the City as any other citizen.

15. As a consequence, the police officers' right and ability to freely associate with one another and to freely without fear of retribution or punishment present their positions to the public and to the political officials who have been elected to represent the public not only immediately and substantially affects their conditions of employment, but their safety and health in the pursuit of their law enforcement profession.

16. To accomplish those purposes on behalf of the 6,600 Philadelphia police officers that it represents, the FOP has established, registered and operates the plaintiff COPPAC under the laws of the Commonwealth of Pennsylvania as a political action committee to receive voluntary political contributions with which to donate to state and local political candidates. Through such voluntary political contributions, COPPAC affords police officers an opportunity and vehicle to effectively exercise their constitutional right to associate in common cause with those of like opinion and to express their opinions to public officials and to the public itself.

17. Article X, Section 10-107(3) of the City of Philadelphia Home Rule Charter prohibits police officers and fire fighters who are employed by the City from making voluntary

political contributions. Article X, Section 10-107(3), 351 Pa. Code § 10.10-107(3),

provides as follows:

> (3) No officer or employee of the City and no officer or employee of any governmental agency whose compensation is paid from the City Treasury shall, from any person, and no officer or member of a committee of any political party or club shall, from any civil service employee, directly or indirectly demand, solicit, collect or receive, or be in any manner concerned in demanding, soliciting, collecting or receiving, any assessment, subscription or contribution, whether voluntary or involuntary, for any political purpose whatever. **No officer or member of the Philadelphia Police or the Fire Department shall pay or give any money or valuable thing or make any subscription or contribution, whether voluntary or involuntary, for any political purpose whatever.** (Emphasis Supplied).

18. While Article X, Section 10-107(3) of the City of Philadelphia Home Rule Charter would prohibit all "members" of the Police Department from making voluntary political contributions, the rules and regulations of the City's Civil Service Commission make clear and are enforced to provide that the prohibition extends only to "uniformed or investigatory" employees of that Department. Civil Service Reg. 29.0415, that is only to the employees of the City of Philadelphia Police Department who are represented by the FOP.

19. Violations of prohibition upon voluntary political contributions of Article X, Section 10-107(3) of the City of Philadelphia Home Rule Charter by City police officers are punishable by discipline up to and including discharge, fines and even imprisonment of the police officer.

20. The Home Rule Charter has not extended the prohibition on voluntary political contributions to any of the City's other twenty thousand employees, all of whom are free to make such contributions without fear of discharge, fine or imprisonment.

21. The defendant Philadelphia Board of Ethics was established in 2006. It is charged with providing ethics training for all City employees and enforcing City campaign finance, financial disclosure, and conflict of interest laws, and has authority to render advice, investigate complaints and issue fines.

22. The defendant Board of Ethics has adopted and promulgated Regulations purporting to further restrict and control political activities within the City of Philadelphia.

23. Acting under the authority of the aforesaid provision of the Home Rule Charter, the defendant Board of Ethics has enacted further restrictions upon the political activity of Philadelphia police officers. Rule 8.8 of the Board of Ethics Regulations provides as follows:

> 8.8 An appointed officer or employee, except for an appointed officer or employee of the Police Department, may make contributions intended for a political purpose.

> *EXAMPLES FOR SUBPART D*

> *Example 1:*     An employee may not sell tickets to a candidate's fundraiser event.

> *Example 2:* An employee (but not an employee of the Police Department) may purchase tickets to a candidate's fundraiser event.

> *Example 3*: An employee may not be a treasurer of a political committee.

8

*Example 4*: An employee may not use a political committee to raise money for a potential candidacy.

24. The defendant Board of Ethics has not extended the prohibition on political contributions to any of the City's other twenty thousand employees, all of whom are free to make such contributions without fear of threats of discharge, fine or imprisonment as have been imposed upon Plaintiffs in this case.

25. On October 6, 2003 the Hon. Stewart Dalzell of the United States District Court of the Eastern District of Pennsylvania determined that the above cited provisions of the Home Rule prohibiting voluntary political contributions were in violation of the constitutional rights of sworn fire fighters who are employed by the City of Philadelphia.   As a consequence, the Court in *Philadelphia Fire Fighters Union Local 22, AFL-CIO v. City of Philadelphia*, 286 F. Supp 2d 476 (EDPa 2003) permanently enjoined the City from enforcing all provisions of the Philadelphia Home Rule Charter and related regulations prohibiting voluntary political contributions by uniformed employees of the Philadelphia Fire Department.  No defendant sought further judicial review of that decision.

26. As a consequence of the Court's decision in *Philadelphia Fire Fighters Union Local 22, AFL-CIO v. City of Philadelphia*, 286 F. Supp 2d 476 (EDPa 2003), the City has ceased attempting to enforce the prohibitions of Article X, Section 10-107(3) of the City of Philadelphia Home Rule Charter, 351 Pa. Code § 10.10-107(3) regarding voluntary political contributions by police officers and fire fighters upon fire fighters.

27. In May 2011 Plaintiff McNesby specifically advised defendant Creamer in writing of the Court's ruling in *Philadelphia Fire Fighters Union Local 22, AFL-CIO v. City of Philadelphia*, 286 F. Supp 2d 476 (EDPa 2003) and requested that he and the Ethics Board cease and desist form continuing to infringe upon the constitutional rights of Philadelphia police officers by threatening to jeopardize their employment, impose fines upon them, and even imprison them for the exercise of what has been determined to be their constitutional rights by making voluntary political contributions to COPPAC.

28. Although made fully aware of the Court's ruling in *Philadelphia Fire Fighters Union Local 22, AFL-CIO v. City of Philadelphia*, 286 F. Supp 2d 476 (EDPa 2003) by the plaintiffs, defendant Creamer has nonetheless advised plaintiffs that the Board of Ethics would continue to punish any police officer who is determined to have violated Ethics Board Rule 8.8 by making a voluntary political contribution by a fine of $300 and immediate dismissal from City employment.

29. In addition to being threatened with discipline by defendants Creamer and Ethics Board, the police officers employed by the City are regularly advised by the Police Commissioner, acting at the direction of defendant Nutter, that City police officers are prohibited from making voluntary political contributions and that violations of that prohibition could result in immediate dismissal, fines and imprisonment.

30. Subsequent to the Court's decision in *Philadelphia Fire Fighters Union Local 22, AFL-CIO v. City of Philadelphia*, 286 F. Supp 2d 476 (EDPa 2003), on May 4, 2006 the City

Council of the City of Philaldpehia, acting within the legislative authority vested in it by the City Home Rule Charter, lawfully and properly enacted an ordinance known as Bill No. 060181.   That Ordinance amended Section 19-203 of the Philaldpehia Code to provide, effective upon enactment, as follows:

> (15) Payroll deductions may be authorized by City employees who are bargaining unit members of the Fraternal Order of Police, Philadelphia Lodge 5 who elect to contribute to the Philadelphia Lodge 5 Political Action Committee, registered as COPPAC.

31. Each of the three unions that represent the balance of the City's unionized employees have established and registered political action committees.   The defendant City has provided, and continues to provide, each of those three political action committees with a wage check off procedure by which their members can and do regularly contribute to the three political action committees.

32. Acting pursuant the right granted to them by Bill No. 060181, the FOP has requested the defendant City and Nutter to perform their duties under the lawfully enacted Bill No. 060181 by providing plaintiff COPPAC with a wage check off in the same fashion and manner as provided to the political action committees of the three other unions that represent the balance of the City's unionized employees. The City and Nutter have refused to extend the rights of Bill No. 060181 to City police officers by complying with this request by the FOP and COPPAC.   The only reason provided by the City and Nutter is that, in their opinion, voluntary political contributions by sworn members of the

Philadelphia Police Department are prohibited by 351 Pa. Code § 10.10-107(3) and Ethics Board Regulation 8.8 as described hereinbefore.

33. While refusing to implement Bill No. 060181, defendants City and Nutter continue to threaten City police officers who wish to make voluntary poetical contributions to COPPAC that police officers who do so will be terminated from police department employment, will be fined and even possibly imprisoned.

34. No substantive factual or legal basis exists to distinguish between compelling legal precedent contained in *Philadelphia Fire Fighters Union Local 22, AFL-CIO v. City of Philadelphia*, 286 F. Supp 2d 476 (EDPa 2003) and the determinations cited therein in the application of the First and Fourteenth of the United States Constitution to the right of Philadelphia police officers to make voluntary political donations to COPPAC pursuant to Bill No. 060181 and the twenty thousand other City employees who can or do make such voluntary political contributions through political actions committees that receive such contributions by payroll deductions provided by defendants City and Nutter.

35. The prohibition on voluntary political contributions of Article X, Section 10-107(3) of the City of Philadelphia Home Rule Charter, 351 Pa. Code § 10.10-107(3) and Rule 8.8 of the Board of Ethics Regulations, coupled with the threats by defendants City, Nutter and Creamer to discharge, fine and imprison any police officer who makes such contributions, effectively undermine and destroy the lawful and proper efforts of the plaintiffs that are guaranteed and protected by the First Amendment to the United States

Constitution and Article I of the Pennsylvania Constitution to associate with one another, to collectively express their opinions regarding a multitude of important issues of common concern to Philadelphia police officers and the public.

36. Extending the same right to Philadelphia police officers to make voluntary political contributions as is currently exercised by all of the other twenty one thousand City employees would not negatively impact any meaningful manner the effectiveness of the Philadelphia Police Department or necessarily impact upon the operation of government.

37. Plaintiffs David Byrne, Shawn Carey, Jeffrey Seamon and Les Baker, as citizens and as Philadelphia police officers, wish to make voluntary political contributions through COPPAC in order to associate with those of common interest and purpose and to express their opinions and viewpoints on matters of common concern to public officials and to the public at large, but have refrained from doing so for fear of the continuously threatened immediate dismissal from their positions of employments, the imposition of fines and even criminal prosecution that have been threatened by defendants City, Nutter, Ethics Board and Creamer.

38. The fear of immediate dismissal from their positions of employments, the imposition of fines and even criminal prosecution that have been threatened by defendants City, Nutter, Ethics Board and Creamer has inhibited and prevented thousands of other Philadelphia police officers from exercising their rights of association and freedom of speech by making voluntary contributions to COPPAC.

39. As a direct and immediate effect of the refusal of Defendants City and Nutter to comply with Bill No. 060181 by providing a wage check off and the fear imposed by defendants City, Nutter, Ethics Board and Creamer as described hereinbefore, COPPAC has suffered, and is continuing to suffer, the loss of funds that would have otherwise been contributed.

**CAUSES OF ACTION**

**COUNT I**

**VIOLATION OF FREEDOM OF ASSOCIATION AND FREEDOM OF SPEECH AS PROTECTED BY THE FIRST AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION**
**Defendants City, Nutter in his individual and official capacity, Board of Ethics and Creamer in his individual and official capacity**

40. Plaintiffs incorporate by reference Paragraphs 1 through 39 of the Complaint as of fully alleged herein.

41. Acting under color of law, by the aforesaid conduct Defendants, and each of them, have infringed Plaintiffs' rights of freedom of association and speech guaranteed by the First and Fourteenth Amendments of the United States Constitution.

42. The conduct of defendants Nutter and Creamer in violating Plaintiffs' rights as aforesaid was willful, intentional, extreme and outrageous and in violation of well-settled law.

43. Defendants' actions together constitute a City custom or policy, creating a causal connection between the City and the injuries sustained by the Plaintiffs.

44. The Plaintiffs has suffered and continue to suffer substantial economic injury and irreparable harm as a direct and immediate result of Defendants' unlawful conduct as aforesaid.  Pursuant to 42 U.S.C. §§ 1983 and 1988, they are entitled to, and do hereby demand, an award of injunctive relief and monetary damages, including punitive damages, and the reasonable costs of this lawsuit, including reasonable attorney's fees.

**COUNT II**

**VIOLATION OF RIGHT TO EQUAL PROTECTION AS PROTECTED BY
THE FOURTEENTH AMENDMENT
OF THE UNITED STATES CONSTITUTION**

**Defendants City, Nutter in his individual and official capacity, Board of Ethics and
Creamer in his individual and official capacity**

45. Plaintiffs incorporate by reference Paragraphs 1 through 39 of the Complaint as of fully alleged herein.

46. Acting under color of law by imposing the prohibition of voluntary political contributions solely upon Philadelphia police officers and no other category or group of City employees, Defendants, and each of them, have infringed Plaintiffs' right to equal protection under the laws guaranteed by the Fourteenth Amendments of the United States Constitution.

47. The conduct of defendants Nutter and Creamer in violating Plaintiffs' rights as aforesaid was willful, intentional, extreme and outrageous and in violation of well-settled law.

15

48. Defendants' actions together constitute a City custom or policy, creating a causal connection between the City and the injuries sustained by the Plaintiffs.

49. The Plaintiffs has suffered and continue to suffer substantial economic injury and irreparable harm as a direct and immediate result of Defendants' unlawful conduct as aforesaid. Pursuant to 42 U.S.C. §§ 1983 and 1988, they are entitled to, and do hereby demand, an award of injunctive relief and monetary damages, including punitive damages, and the reasonable costs of this lawsuit, including reasonable attorney's fees.

## COUNT III

**VIOLATION OF RIGHT TO EQUAL PROTECTION AS PROTECTED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES COMNSTITUTION Defendants City, Nutter in his individual and official capacity**

50. Plaintiffs incorporate by reference Paragraphs 1 through 39 of the Complaint as of fully alleged herein.

51. Acting under color of law by refusing to permit and provide to the Plaintiffs FOP and COPPAC the same wage check off for voluntary political contributions as provided to other City employees and specifically permitted by City ordinance solely because of the status of the contributors as police officers, Defendants City and Nutter, and each of them, have infringed Plaintiffs' right to equal protection under the laws guaranteed by the Fourteenth Amendments of the United States Constitution.

52. The conduct of defendant Nutter in violating Plaintiffs FOP and COPPAC's rights as aforesaid was willful, intentional, extreme and outrageous and in violation of well-settled law .

53. Defendants' actions together constitute a City custom or policy, creating a causal connection between the City and the injuries sustained by the Plaintiffs FOP and COPPAC.

54. The Plaintiffs FOP and COPPAC has suffered and continue to suffer substantial economic injury and irreparable harm as a direct and immediate result of Defendants City and Nutter's unlawful conduct as aforesaid.  Pursuant to 42 U.S.C. §§ 1983 and 1988, they are entitled to, and do hereby demand, an award of injunctive relief and monetary damages, including punitive damages, and the reasonable costs of this lawsuit, including reasonable attorney's fees.

**COUNT IV**

**VIOLATION OF RIGHT TO FREEDOM OF SPEECH AND ASSOCIATION AND FREEDOM FROM DISCRIMINATION PROTECTED BY AARTICLE I, SECTIONS 7, 20 AND 26 OF THE PENNSYLVANIA CONSTITUION Defendants City, Nutter in his individual and official capacity, Board of Ethics and Creamer in his individual and official capacity**

55. Plaintiffs incorporate by reference Paragraphs 1 through 39 of the Complaint as of fully alleged herein.

17

56. Article I, Section 7 of the Constitution of the Commonwealth of Pennsylvania provides in relevant part as follows:

> The free communication of thoughts and opinions is one of the invaluable rights of man, and every citizen may freely speak, write and print on any subject, being responsible for the abuse of that liberty.

57. Article I, Section 20 of the Constitution of the Commonwealth of Pennsylvania provides as follows:

> The citizens have a right in a peaceable manner to assemble together for their common good, and to apply to those invested with the powers of government for redress of grievances or other proper purposes by petition, address or remonstrance.

58. Article I, Section 26 of the Constitution of the Commonwealth of Pennsylvania provides as follows:

> Neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right.

59. The conduct of the Defendants, and each of them, as aforesaid violates the rights guaranteed to Plaintiffs, and each of them, under Article I, Sections 7, 20 and 26 of the Pennsylvania Constitution.

60. The conduct of defendant Nutter and Creamer in violating Plaintiffs' rights as aforesaid was willful, intentional, extreme and outrageous and in violation of well-settled law.

61. The Plaintiffs have suffered, and continue to suffer, substantial economic injury and irreparable harm as a direct and immediate result of Defendants' unlawful conduct as aforesaid in violation of Article I, Sections 7, 20 and 26 of the Pennsylvania Constitution.

62. . Plaintiffs are entitled to, and do hereby demand, an award of injunctive relief and monetary damages, including punitive damages, and the reasonable costs of this lawsuit, including reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court enter relief in the following form:

A. Declaring that Article X, Sections  10-107(3) of the City of Philadelphia Home Rule Charter, 351 Pa. Code § 10.10-107(3) and Rule 8.8 of the Board of Ethics Regulations and their constituted application to Philadelphia police officers who desire to make voluntary political contributions violate Plaintiffs' First and Fourteenth Amendment constitutional rights and Plaintiffs' rights under Article I, Sections 7, 20 and 26 of the Pennsylvania Constitution; and

B. Declaring that Defendants' refusal to comply with Bill No. 060181 by providing the requested wage check off for voluntary political contributions to COPPAC by Philadelphia police officers violates Plaintiffs' constitutional rights under the  First and Fourteenth Amendment of the United States Constitution , therefore, directing and ordering that such check off be immediately initiated and Plaintiffs' rights under Article I, Sections 7, 20 and 26 of the Pennsylvania Constitution ; and

C. Entering permanent injunctive relief enjoining defendants, and each of them, as follows:

19

    a.  Any further application, or threatened application,  in any form of  Article X, Sections  10-107(3) of the City of Philadelphia Home Rule Charter, 351 Pa. Code  §  10.10-107(3) and Rule 8.8 of the Board of Ethics Regulations to efforts  by  Philadelphia  police  officers  to  make  voluntary  political contributions to political actions committees and political candidates of their choice;

    b.  Refusal  by  the  defendants  to  implement  Bill  No.  060181by  permitting Philadelphia  police  officers  to  check  off  through  their  wages  a  political contribution to COPPAC

D.  Awarding monetary damages, including punitive damages against Defendants in their individual capacities, for infringing upon Plaintiffs' First and Fourteenth Amendment constitutional  rights  and  rights  under  Article  I,  Sections  7,  20  and  26  of  the Pennsylvania Constitution; and

E.  Awarding reasonable attorneys' fees, costs, and other costs and disbursements in this action as permitted by law; and

F.  Awarding such other and further relief as this Court may deem just and appropriate.

Respectfully Submitted

THOMAS W. JENNINGS, ESQUIRE
Pennsylvania Bar No. 09890
MARC GELMAN, ESQUIRE
Pennsylvania Bar No. 78857

JENNINGS SIGMOND, P.C.
Penn Mutual Towers 16th Floor
510 Walnut Street
Philadelphia, PA 19106-3683
(215) 351-0612

21